CHARLES L. ROWLAND, Respondent; *v.* THOMAS F. ROWLAND, Appellant.

*Order of reference to hear and determine — when a proper case therefor is shown.*

The complaint in an action stated a good cause of action at law, but erroneously prayed judgment for an accounting. The answer denied the co-partnership of the plaintiff and defendant, and alleged that the plaintiff was an employee of the defendant under a salary the amount of which was to be determined by the profits of the business.

*Held,* that the answer was consistent with the allegations of the complaint, and that a proper case for a reference was shown.

APPEAL by the defendant, Thomas F. Rowland, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 15th day of September, 1893, referring the action to a referee to hear and determine the issues.

The following is a copy of the complaint in the action:

" The plaintiff above named by Lyon & Smith, his attorneys, complains of the above-named defendant and shows:

" I. That between the 1st day of February, 1881, and the 12th day of July, 1887, the plaintiff and the defendant were associated together in the business of general engineering, contracting and iron construction, under the name and style of the ' Continental Works.'

" II. That said business was carried on under an agreement between the plaintiff and the defendant in the nature of a general partnership or *quasi* partnership, whereby the plaintiff agreed to contribute his time, services and skill to said business, and the defendant the capital and the business theretofore owned by him, and it was agreed that the defendant should have the general management of said business.

" It was further agreed that the plaintiff should draw the sum of thirty dollars per week, and should be entitled to a percentage of the net profits in addition thereto. Plaintiff's percentage of profits for the first three years was agreed to be two per cent, the fourth year four per cent, and for the balance of the period five per cent of the net profits.

" III. That from time to time during said periods a provisional or partial statement of the profits of said business was made for the purpose solely of fixing an amount which plaintiff might safely draw from said business under said agreement, in addition to said weekly drawings, and with such amounts as were shown by such provisional or partial statements plaintiff was credited, but that said statements so made were not intended by either party to be final, but were merely temporary and made for the convenience of the parties. The last credit made to the plaintiff upon the books of the said Continental Works was, as plaintiff is informed and believes, on or about the 1st day of February, 1886, and made a total of credits upon the books of said concern upon the profit account of the plaintiff of $8,804.56, as plaintiff is informed and believes.

" IV. On or about the 12th day of July, 1887, the defendant stated to the plaintiff that the said ' Continental Works ' had made no profits since the last previous statement had been prepared and credit given to the plaintiff, but, on the contrary, had sustained

heavy losses, sufficient to wipe out any balance of profits unaccounted for in previous statements, and that the sum then standing upon the books of the Continental Works to plaintiff's credit was all that could, in any event, be due to plaintiff, and at the same time tendered plaintiff a check for the balance as shown by said books, and the plaintiff, having no knowledge of the financial condition of the said 'Continental Works,' and relying entirely upon the word of honor of the defendant, who had complete knowledge of the finances of said concern, and the possession, control and oversight of all of its papers, contracts and books of account, accepted said check and gave, as he believes, a receipt in full of all demands.

" V. The plaintiff has since learned that it was not, in fact, true that the said Continental Works had made heavy losses, that no profits had been made or that the previous undivided profits had been wiped out, as stated to plaintiff by defendant, but that, on the contrary, large profits had been made, and as plaintiff is informed and believes, large sums had, by defendant, been charged to loss account, upon the books of the concern, which were not properly chargeable to said Continental Works or to plaintiff, and that, in fact, upon a proper accounting a large sum will be shown to the credit of the plaintiff in addition to that already credited to him, but what amount plaintiff is unable to state, owing to the fact that the books of account of said Continental Works are in the hands of the defendant.

" VI. That the defendant well knew, as plaintiff is informed and believes, when he told plaintiff that there was nothing more due him, that such was not the fact, and said statement was made for the purpose of deceiving and defrauding the plaintiff and inducing him to give a receipt in full; that the plaintiff relied upon said statement in accepting said check and giving said receipt, and was deceived thereby, and great loss and damage will come to plaintiff, as he is informed and believes, if the said payment and receipt shall be held to be a release and settlement.

" Wherefore, the plaintiff prays that an accounting be had of the profits of the said Continental Works during the period aforesaid; that upon said accounting a statement of all the transactions of said concern be made, wherein proper debits and credits shall be made from the books, contracts and papers of said Continental Works,

and that plaintiff may have judgment for such sum as he may appear, upon said accounting, to be entitled to, and that he may have such other and further relief both by intermediate or final order and by interlocutory judgment or final decree as may be just and as to equity pertaineth, besides the costs and disbursements of this action."

The answer was as follows :

"FIRST.

"I. This defendant denies all the allegations of paragraphs I, II and III of said complaint.

"II. This defendant denies all the allegations of paragraph IV of said complaint, except so much thereof as alleges the delivery of a check to said plaintiff for the amount shown by the defendant's books to be due him, its acceptance by the plaintiff, and the delivery by the plaintiff to said defendant of a receipt in full of all demands against said defendant.

"III. This defendant denies all the allegations of paragraphs V and VI of said complaint.

"SECOND.

"IV. And, for a further defense, this defendant alleges that, for many years prior to 1881, and until the 2d day of May, 1887, this defendant was carrying on the business of general engineering and iron construction, under the name and style of the 'Continental Works,' and was the sole owner and proprietor of the said business and of the buildings, machinery and all other appliances connected with or used in said business known as the Continental Works, at Greenpoint, New York, and was the sole owner or lessee of the lands on which the said buildings stood.

"V. That the said plaintiff, from about the year 1869 until the 16th day of March, 1887, was in the employment of said defendant in his said business known as the Continental Works, at an agreed salary, as follows: Until April 26th, 1874, at $9 per week; from this date until February 28th, 1875, at $18 per week; from this date until August 1st, 1879, at $20 per week; from this date to March 6th, 1881, at $25 per week; and from this date to the fall of 1881 at $30 per week; and afterwards and until the first day of February, 1885, at $30 per week, and in addition thereto as a part of such salary a sum equal to two per cent upon the profits of the

defendant's business, to be ascertained as hereinafter stated, and from February 1, 1885, until March 16th, 1887, at $30 per week, and in addition thereto as a part of such salary a sum equal to five per cent upon such profits, to be ascertained as aforesaid.

"VI. That the said profits upon which the percentage, the equivalent of which was agreed to be paid to the said plaintiff as additional salary for his services as such employee, were to be calculated as of February 1st in each year as follows: From the gross earnings of defendant's said business, there were to be deducted the cost of all material, work, labor (except such additional salary to said plaintiff and to other employees of this defendant in said business), all charges and outlays for machinery, tools or betterments which it might become necessary to have to properly prosecute the said business, and all losses from all causes, whether of bad debts, accidents, fall of markets or otherwise, interests on bonds and mortgages, all interest paid or allowed in any way, all insurance, taxes and assessments, depreciation of machinery, tools, &c., also all commissions which might be paid for the procurement of business (it being understood, however, that this defendant should not charge rent for the use of defendant's premises and property known as the Continental Works), and the remainder after such deductions as aforesaid from said gross earnings was to be regarded as the profit of said defendant's business for the purpose only of determinining the amount to be paid said plaintiff as such additional salary as aforesaid.

"VII. This defendant denies that the said plaintiff was ever a partner with said defendant or in said business, or ever had any interest whatever therein, or ever had any connection with said defendant or with said business, otherwise than as an employee of this defendant at an agreed salary.

"VIII. That on the 16th day of March, 1887, the said plaintiff voluntarily quitted the said defendant's employment, and never afterwards resumed such employment or had any connection whatever with said business.

"IX. That on or about the 22d day of July, 1887, this defendant and the said plaintiff compromised and settled all claims and demands of said plaintiff against this defendant, and full accord and satisfaction was had between them, and thereupon the said plaintiff accepted, and this defendant paid to said plaintiff the sum of $1,401.68 in full

satisfaction and discharge of all claims and demands of said plaintiff against said defendant.

"Wherefore said defendant demands judgment that said complaint be dismissed, with costs."

*L. A. Lockwood*, for the appellant.

*Lyon & Smith*, for the respondent.

PRATT, J.:

The complaint states a good cause of action at law, and erroneously prays judgment for an accounting.

The answer states that plaintiff was never a partner in defendant's business, but was an employee upon a salary, the amount of which was to be determined by the profits of the business.

The answer is thus consistent with the allegations of the complaint. Both the complaint and answer show a proper case for a reference.

The defenses of payment and release will not, in the ordinary course, be put in evidence until the plaintiff has established his cause of action, to do which he requires a trial before a referee.

The order must be affirmed, with ten dollars costs to abide the event.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.